UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| **BARBARA EDWARDS** | * | CIVIL ACTION NO.: |
| | * | |
| | * | JUDGE: |
| **VERSUS** | * | |
| | * | MAG. JUDGE: |
| **LOWE'S HOME CENTERS, L.L.C.** | * | |
| And **LOWE'S HOME CENTERS, INC.** | * | JURY TRIAL |

### NOTICE OF REMOVAL

**PLEASE TAKE NOTICE**, Defendant, **Lowe's Home Centers, LLC ("Lowe's")**, by and through undersigned counsel, hereby submits this Notice of Removal of the 15th Judicial District Court action referenced herein to the United States District Court for the Western District of Louisiana, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of the Notice of Removal, Lowe's avers as follows:

1. On or about December 28, 2021, an action was commenced by Barbara Edwards ("Edwards") and was captioned, "*Barbara Edwards v. Lowe's Home Centers, LLC and Lowe's Home Centers, Inc.*, Suit No: C-110377, Fifteenth Judicial District Court, Parish of Vermillion, State of Louisiana." See, Plaintiff's Petition for Damages attached hereto as **Exhibit A.**

2. Edwards asserts that on December 28, 2020, she suffered bodily injury when she allegedly slipped and fell in a clear liquid at a Lowe's Home Centers, LLC store located in Abbeville, Louisiana. See, **Exhibit A** at ¶ 5.

3. Because of the alleged incident, Atwell claims she has sustained injuries to her body and mind. See, **Exhibit A** at ¶ 11.

4. As explained below, the amount in controversy in this case in excess of this Court's jurisdictional requirement making this claim removable to federal court.

1

## Diversity of Citizenship

5. Pursuant to 28 U.S.C. § 1332, this Court has original jurisdiction over this matter based upon complete diversity of citizenship between Plaintiff and Defendant.

6. As set forth in the original Petition for Damages, Edwards is a resident and domiciliary of the Vermillion Parish, State of Louisiana. See, **Exhibit A.**

7. For purposes of diversity jurisdiction, limited liability companies are citizens of every state in which their members are citizens. See, *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077 (5th Cir. 2008); *Thymes v. AT&T Mobility Servs., LLC*, No. 6:18-CV-00867, 2018 WL 6920356, at *3 (W.D. La. Dec. 4, 2018), report and recommendation adopted, No. 6:18-CV-00867, 2019 WL 81591 (W.D. La. Jan. 2, 2019).

8. Defendant, Lowe's Home Centers, LLC, is a limited liability company organized under the laws of the State of North Carolina with its principal place of business in the State of North Carolina. Its sole member, Lowe's Companies, Inc., is organized under the laws of the State of North Carolina with its principal place of business in the State of North Carolina.

9. Accordingly, there is complete diversity amongst the parties.

## Amount in Controversy

10. La. C.C.P. art. 893(A)(1) precludes plaintiffs from articulating a specific monetary amount of damages sought.

11. Because plaintiffs in Louisiana state courts, by law, may not specify the numerical value of claimed damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. See, *Gebbia v. Wal-Mart Stores, Inc.,* 233 F.3d 880 at 882-883 (5th Cir. 2002).

12. Because of the alleged incident, Atwell claims she has sustained injuries to her body and mind. See **Exhibit A** at ¶ 11. The general allegations of plaintiff's damages were insufficient to make an accurate determination of the amount in controversy for purposes of removal.

13. Edwards itemized her damages in her Petition for Damages to include past and future medical bills, lost wages, and/or loss of earning capacity, pain, inconvenience, humiliation, and embarrassment.

14. On April 20, 2022, plaintiff's counsel provided undersigned counsel with medical records associated with Edwards' treatment following the injuries she allegedly sustained. See correspondence and medical records attached hereto as **Exhibit B**.

15. The Louisiana Third Circuit Court of Appeal has previously held that general damages of $75,000 was appropriate for a surgical repair of a fractured bone in the wrist. See *Creel v. St. Charles Gaming Co., Inc.*, 97-994 (La.App. 3 Cir. 2/4/98), 707 So.2d 475.

16. Accordingly, the $75,000 amount in controversy requirement for removal as required by 28 U.S.C. §1332 is met in this case.

## Removal

17. Notices of removal are governed by 28 U.S.C. §1446(b), which provides, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant…of…other paper from which it may first be ascertained that the case is one which is or has become removable."

18. Defendant was served with Edwards' Petition for Damages on January 25, 2022. See, Notice of Service of Process attached hereto as **Exhibit C.** However, Edwards' Petition for Damages did not affirmatively assert the amount in controversy was sufficient to invoke federal jurisdiction. See **Exhibit A.**

19. Defendant received Edwards' medical records on April 20, 2022. See Plaintiff's medical records attached hereto as **Exhibit B.**

20. Accordingly, Defendant came into possession "of other paper" – namely, Edwards' medical records – from which it was ascertainable this case was removable pursuant to 28 U.S.C. § 1446(b)(3). Thus, the thirty day time limit to file this Notice of Removal began, at the earliest, on the date Defendant received with Plaintiff's medical records on April 20, 2022. See **Exhibit B.** As such, Defendant is within the thirty day time limit to file this Notice of Removal.

21. Since there is complete diversity of citizenship between Plaintiff and Defendant and because the amount in controversy meets this Court's $75,000 jurisdictional requirement exclusive of interest and costs, this court has jurisdiction over this civil action pursuant to 28 U.S.C. § 1332, and accordingly, this action may be removed to this Honorable Court pursuant to 28 U.S.C. §§ 1441 and 1446.

22. Lowe's has good and sufficient defenses to Edwards' claims for relief and dispute all rights to the relief prayed for in Plaintiff's Petition for Damages.

**WHEREFORE,** Defendant, **Lowe's Home Centers, LLC,** prays that the above-entitled cause on the docket of the 15th Judicial District Court, Parish of Vermillion, State of Louisiana, be removed from that Court to the docket of the United States Western District of Louisiana and for trial by jury and other determinations as required by law.

Respectfully Submitted by:

BY:   *s/ Travis B. Wilkinson*
Paul J. Politz, La. Bar No. 19741
Travis B. Wilkinson, La. Bar No. 28806
TAYLOR, WELLONS, POLITZ & DUHE, LLC
1555 Poydras Street, Suite 2000
New Orleans, Louisiana 70112
Telephone: (504) 525-9888
Facsimile: (504) 525-9899
Email: ppolitz@twpdlaw.com
twilkinson@twpdlaw.com

*Counsel for Lowe's Home Centers, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Notice of Removal has been electronically filed with the Clerk of Court of the United States District Court for the Western District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing to all counsel of record in this matter via the electronic filing system. I further certify that I mailed the forgoing document and notice of electronic filing by first-class mail to all counsel of record who are not participants in the CM/ECF system on this 18th day of May, 2022.

*s/ Travis B. Wilkinson*
**TAYLOR, WELLONS, POLITZ & DUHE, LLC**